| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>SUJIT SINGH,<br><br>     Plaintiff,<br><br>  - against -<br><br>RAMANDEEP BADWAL,<br>AVTAR S. BADWAL,<br>MICHAEL A. MONTESANO, THE RECEIVER,<br><br>     Defendants.<br>-------------------------------------------------------------X | NOT FOR PUBLICATION<br><br><br><br>**MEMORANDUM AND ORDER**<br>15-CV-2196 (RRM)(RLM) |

ROSLYNN R. MAUSKOPF, United States District Judge.

## BACKGROUND

  Plaintiff Sujit Singh, through his attorney, filed this civil action against defendants Ramandeep Badwal, Avtar S. Badwal, and Michael A. Montesano, along with an application for a temporary injunction. (Compl. (Doc. No. 1); Appl. for Order to Show Cause (Doc. No. 2).) For the reasons stated herein, plaintiff's request for temporary injunctive relief is denied.

  Plaintiff is the adult child of defendants Ramandeep and Avtar Badwal. (Compl. at ¶ 2.) As alleged, on September 19, 2014, in divorce proceedings in the Supreme Court of the State of New York, County of Nassau, between his parents, Judge Margaret C. Reilly ordered appointment of a receiver, defendant Montesano, to sell the property at which plaintiff claims he now resides along with his father, Avtar. (*Id.*; Order Appointing Receiver (Doc. No. 5 at 9).)

  On April 4, 2015, the New York City Office of the Sheriff issued a five-day eviction notice to Avtar indicating that a judgment had been made awarding Ramandeep possession of the premises and that "a warrant/order of eviction ha[d] been issued commanding the Sherriff to remove [Avtar] and [his] belongings." (Eviction Notice (Doc. No. 2-1 at 7).) Plaintiff now seeks immediate, temporary injunctive relief preventing defendants "from removing him without

notice and hearing . . . in violation of 42 U.S.C. § 1983 and the Due Process Clause of the [Fourteenth Amendment of the] United States Constitution." (Aff. Supp. Order to Show Cause (Doc. No. 2-1 at 1) at ¶¶ 6–8.)

## DISCUSSION

A party seeking injunctive relief must show "(1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking the injunctive relief." *See Citigroup Global Mkts., Inc. v. Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). The Court need not reach the issue of irreparable harm, as plaintiff has failed to demonstrate a likelihood of success on the merits nor sufficiently serious questions going the merits to warrant injunctive relief.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Private parties are not proper defendants in a Section 1983 action unless acting under color of state law. *Jae Soog Lee v. Law Off. of Kim & Bae, PC*, 530 F. App'x 9, 9 (2d Cir. 2013) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). "[A] private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents." *Id.* (internal quotation marks omitted). Likewise, private defendants are "immune from the restrictions of the Fourteenth Amendment . . . [which] applies only to state action." *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491 (2d Cir. 2009) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)) (also citing *Civil Rights Cases*, 109 U.S. 3 (1883)).

In arguing that he is likely to succeed on the merits, plaintiff states only, in a conclusory fashion that "[d]efendants' conduct . . . is a wholesale abdication of their legal obligations under a statutory regime." (Pl.'s Mem. Law (Doc. No. 2-2) at 4.) Plaintiff fails to identify the "statutory regime" on which he relies. Nor does he indicate how a statutory violation in and of itself gives rise to an actionable claim. To the extent that plaintiff relies on statutory provisions governing notice in an eviction proceeding, he has failed to demonstrate how *these defendants* – his parents and a court-appointed receiver – have any statutory obligation to provide him such notice, or how these individuals fall within the "color of state law" for purposes of Section 1983 liability. Based on plaintiff's own allegations, it appears that it is the responsibility of the New York City Sheriff, a non-party to this action, to provide whatever notice is required and to carrying out the eviction.[1]

Moreover, there appear to be valid reasons for this Court to abstain from exercising jurisdiction over this action, where, as here, federal review would disrupt state proceedings that: (1) are pending; (2) implicate important state interests; and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *See Hansel v. Town Ct. for Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995).

## **CONCLUSION**

For the reasons set forth herein, plaintiff has failed to raise a likelihood of success on the merits of his claims, or any serious questions on their merits that tip in plaintiff's favor. Accordingly, the Court denies plaintiff's application for temporary injunctive relief, and for an order to show cause as to why a preliminary injunction should not issue during the pendency of this action.

---

[1] Each of these issues also raise concerns as to whether plaintiff's complaint fails to state a proper claim.

Dated: Brooklyn, New York
       April 24, 2015

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge