UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SUJIT SINGH,

                Plaintiff,

- against -

RAMANDEEP BADWAL; MICHAEL A.
MONTESANO; and AVTAR S. BADWAL,

                Defendants.
----------------------------------------------------------------X

ORDER ADOPTING
REPORT AND RECOMMENDATION
15-CV-2196 (RRM) (RLM)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Sujit Singh commenced this action through counsel on April 17, 2015 against defendants Ramandeep Badwal, Michael A. Montesano, and Avtar S. Badwal. (*See generally* Compl. (Doc. No. 1).) On April 22, 2015, Singh filed a motion for a temporary restraining order and preliminary injunction, which the Court denied on April 24, 2015. (*See* Mot. Preliminary Injunction (Doc. No. 9); 4/24/15 Mem. & Order (Doc. No. 10).) Subsequently, Singh neither filed proof of service nor took further action to prosecute this case.

On August 17, 2015, Chief Magistrate Judge Roanne L. Mann ordered Singh to show cause why the case should not be dismissed for lack of prosecution and for failing to serve defendants within 120 days of the initiation of the action. (8/17/15 OTSC (Doc. No. 11).) In response, on August 24, 2015, Singh requested an extension of time until September 30, 2015 to effect service on defendants, stating that he "intends to prosecute this case fully on the merits." (*See* 8/24/15 Mot. (Doc. No. 12) at 2–3.) Chief Magistrate Judge Mann granted an extension of time and warned that the "Court will tolerate no further delays on plaintiff's part." (*See* 8/26/15 Order.)

Since the Court's order on August 26, 2015, Singh has neither filed proof of service nor communicated with the Court in any way. On April 25, 2017, Chief Magistrate Judge Mann issued a report and recommendation ("R&R") recommending that the action be dismissed for failure to prosecute and reminded the parties that, pursuant to 28 U.S.C. § 636(b), any objections to the R&R had to be filed by May 9, 2017. (R&R (Doc. No. 13).) That deadline passed, and no party filed an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure ("Rule") 72, the Court has reviewed the R&R for clear error and, finding none, concurs in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

## DISCUSSION

Rule 41(b) governs the dismissal of an action for failure to prosecute, providing that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) also "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Storey v. O'Brien*, 482 F. App'x 647, 648 (2d Cir. 2012).

In considering whether dismissal is proper, courts consider the following factors: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Davis v. Town of Hempstead*,

597 F. App'x 31, 32 (2d Cir. 2015). Generally, no one factor is dispositive. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

Here, the requisite factors, on balance, support Judge Mann's recommendation. Despite having been directed to file proof of service more than two years ago, Singh has failed to comply with the Court's order and has taken no action to move this case forward. Judge Mann warned Singh on two separate occasions that failure to take action could result in dismissal. Singh has failed to respond or communicate with the Court in any way. For these reasons, the balance of factors weigh decisively in favor of dismissal.

## CONCLUSION

Accordingly, the Court adopts Judge Mann's R&R (Doc. No. 13) in its entirety. It is hereby ordered that Singh's case be dismissed with prejudice for failure to prosecute, pursuant to Rule 41(b).

The Clerk of Court is directed to enter judgment accordingly and close this case.

SO ORDERED.

Dated: Brooklyn, New York
June 30, 2017

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge